DAVID B. DEMO (SBN 153997); ddemo@plawp.com
JENNY J. CHU (SBN 223077); jchu@plawp.com
LHB PACIFIC LAW PARTNERS, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
Tel: (510) 841-7777
Fax: (510) 841-7776

Attorneys for Plaintiff
THE BURLINGTON INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BB&T INSURANCE SERVICES OF CALIFORNIA, INC., an entity of unknown form, individually, and doing business as, and/or as successor in interest to, JOHN BURNHAM INSURANCE SERVICES, BB&T-JOHN BURNHAM INSURANCE SERVICES and/or JOHN BURNHAM & COMPANY; BB&T-JOHN BURNHAM INSURANCE SERVICES, an entity of unknown form, individually, and doing business as, and/or as successor in interest to, JOHN BURNHAM INSURANCE SERVICES and/or JOHN BURNHAM & COMPANY; MASOUD SHAHRI, an individual; JOHN BURNHAM INSURANCE SERVICES, an entity of unknown form; JOHN BURNHAM & COMPANY, an entity of unknown form; UNIONBANC INSURANCE SERVICES, INC. an entity of unknown form, individually, and doing business as, and/or as successor in interest to, JOHN BURNHAM INSURANCE SERVICES, BB&T-JOHN BURNHAM INSURANCE SERVICES and/or JOHN BURNHAM & COMPANY; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No.: CV-10-0315 MHP<br><br>**FIRST AMENDED COMPLAINT FOR FRAUD, NEGLIGENT MISREPRESENTATION, BROKER NEGLIGENCE, VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, EQUITABLE INDEMNITY & RICO**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff The Burlington Insurance Company ("TBIC") complains and alleges against defendant BB&T Insurance Services of California, Inc., individually, doing business as, and/or

as successor in interest to, John Burnham Insurance Services, BB&T-John Burnham Insurance Services and/or John Burnham & Company; defendant BB&T-John Burnham Insurance Services, individually, doing business as, and/or as successor in interest to, John Burnham Insurance Services and/or John Burnham & Company; defendant John Burnham Insurance Services; defendant John Burnham & Company; defendant UnionBanc Insurance Services, Inc. (all of aforementioned defendants are individually and collectively hereinafter referred to as "BB&T"); defendant Masoud Shahri (hereinafter referred to as "Shahri"); and defendant Does 1-10 as follows:

## JURISDICTION

1.  This Court has subject matter jurisdiction over this matter pursuant to 28 USC section 1331, as this suit alleges a federal question (RICO, 18 USC section 1961, et seq.) and therefore arises under federal law.

2.  The jurisdiction of this Court over the subject matter of this action is also predicated on 28 USC section 1332. The parties are diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

3.  Venue is proper in this district because, having offices and doing business in the counties of Alameda and San Francisco, defendant BB&T resides in the Northern District of California. 18 USC § 1965(a); 28 USC § 1391(b)(1), (c).

## GENERAL ALLEGATIONS

4.  Plaintiff TBIC is, and all times herein mentioned was, a corporation incorporated in the State of North Carolina, with its principal place of business in the State of North Carolina, and qualified to do business in the State of California.

5.  Defendant BB&T Insurance Services of California, Inc. is, and/or all relevant times herein mentioned was, a corporation incorporated in the State of California and/or an entity of unknown form, with its principal place of business in the State of California.

///

///

6. Defendant BB&T-John Burnham Insurance Services of California, Inc. is, and/or all relevant times herein mentioned was, a corporation incorporated in the State of California and/or an entity of unknown form, with its principal place of business in the State of California.

7. Defendant John Burnham Insurance Services is, and/or all relevant times herein mentioned was, a corporation incorporated in the State of California and/or an entity of unknown form, with its principal place of business in the State of California.

8. Defendant John Burnham & Company is, and/or all relevant times herein mentioned was, a corporation incorporated in the State of California and/or an entity of unknown form, with its principal place of business in the State of California.

9. Defendant UnionBanc Insurance Services, Inc. is, and/or all relevant times herein mentioned was, a corporation with its principal place of business in the State of California.

10. TBIC is informed and believes that, in or about 2002, defendant BB&T Insurance Services of California, Inc. and/or Defendant BB&T-John Burnham Insurance Services of California, Inc. purchased and/or otherwise acquired the entities formerly known as "John Burnham and Company" and/or "John Burnham Insurance Services" and/or that BB&T Insurance Services of California, Inc. is successor in interest to, and/or assumed the liabilities of, "John Burnham and Company" and/or "John Burnham Insurance Services," and/or that BB&T Insurance Services of California, Inc. is otherwise legally responsible for the liabilities of "John Burnham and Company" and/or "John Burnham Insurance Services" in connection with the matters referred to herein.

11. TBIC is informed and believes that, at all relevant times, John Burnham Insurance Services was a division of UnionBanc Insurance Services, Inc. UnionBanc Insurance Services, Inc. was acquired by BB&T Insurance Services, Inc. via a Stock Purchase Agreement dated June 2, 2008.

12. TBIC is informed and believes that defendant Shahri is, and at all times mentioned herein was, a citizen and resident of the State of California.

13. The true names or capacities, whether individual, governmental, corporate, or otherwise, of Does 1 through 10, inclusive, are presently unknown to TBIC, who therefore sued

TBIC's First Amended Complaint

3

said defendants by such fictitious names. TBIC is informed and believes that, based on the allegations set forth below, Does 1 through 10 are legally responsible in some manner for the events herein alleged and are liable to TBIC for indemnity, subrogation, and/or contribution.

14. At all times mentioned herein, each of the defendants was the agent, servant, and/or employee of each of the other defendants, and each was acting within the course and scope of such agency, service, and/or employment.

15. TBIC has pled matters in this Complaint on information and belief because the necessary information lies within the control of either defendants or third parties.

## FACTUAL BACKGROUND

16. At all relevant times, the entities known as Administrative Services Cooperative, Inc. ("ASCI"), Taxi Services, Inc. ("Taxi Services"), Long Beach Yellow Cab Co-operative, Inc. ("Long Beach Yellow Cab"), Taxi Systems, Inc. ("Taxi Systems"), and Van Ness Management, Inc. ("Van Ness Management") (collectively referred to herein as "Taxi Companies") provided taxi services in Long Beach, California.

17. At all relevant times, all of the Taxi Companies were managed, controlled, and/or owned by William Rouse and/or members of his family (collectively referred to herein as "Rouse").

18. At all relevant times, BB&T was an insurance brokerage agency. BB&T had no direct contractual relationship with TBIC, and had no authority to bind and/or speak on behalf of TBIC.

19. At all relevant times, Shahri, and Does 1 through 5, were employed by BB&T Insurance Services of California, Inc. (and/or its predecessors in interest John Burnham Insurance Services and/or John Burnham & Company). Shahri and Does 1 through 5 had no direct contractual relationship with TBIC, and had no authority to bind and/or speak on behalf of TBIC.

20. In May 2006, Rouse authorized Shahri, BB&T, and/or Does 1 through 10 to act as insurance brokers for the Rouse companies (including all of the Taxi Companies). As such, Shahri and/or BB&T negotiated with TBIC about purchasing an insurance policy from TBIC for

the Rouse taxicab companies. TBIC advised Shahri and/or BB&T that, based on the information provided by Shahri and/or BB&T, TBIC would only agree to insure ASCI. At that time, TBIC explicitly declined to insure any of the other Rouse entities. Shahri, BB&T, and/or Does 1 through 10 advised TBIC that ASCI would purchase a liability policy under those terms.

21. Based on Shahri and/or BB&T's representations, TBIC issued a one-year commercial general liability insurance policy to "Administrative Services Co-op Taxi Services, Inc.", effective from June 1, 2006, to June 1, 2007 (Policy No. HGL0012980) ("Policy"). (See Exhibit A.)

22. TBIC is informed and believes that Ramon Chavez ("Chavez") was an independent contractor hired by one or more of the Taxi Companies as a taxi driver.

23. On or about August 10, 2007, "M.H." ("Underlying Plaintiff") – a dependent adult who had used one or more of the Taxi Companies' cab services – sued Chavez and each of the Taxi Companies in a suit styled *M.H. v. Chavez, et al.* (Los Angeles Superior Court Case No. BC375716) (hereinafter referred to as the "Underlying Action"). The Underlying Plaintiff alleged that she was repeatedly falsely imprisoned, sexually assaulted, and battered by Chavez over the course of several years, in the course and scope of his employment as a driver for Taxi Companies. Her complaint included allegations that Taxi Companies: failed to abide by her requests that they send another driver; negligently and recklessly hired Chavez; failed to properly monitor Chavez; violated the duty of care owed to dependent adults; and falsely advertised and made misleading statements about their services. That complaint requested special and general damages, punitive and exemplary damages, attorneys' fees and costs, and equitable relief.

24. At the time of the incidents alleged by the Underlying Plaintiff, Chavez worked pursuant to a written "Taxicab Lease Agreement" with Taxi Systems, and drove a van bearing the signage "Long Beach Yellow Cab." Title for this van was held by an entity called Long Beach Transit, who leased the van to Taxi Systems. Taxi Systems then leased the van to Chavez. Chavez was not employed by nor had any other direct contractual relationship with either ASCI or Taxi Services.

///

25. Each of the Taxi Companies tendered defense of the Underlying Action to TBIC. TBIC provided a defense to ASCI under a reservation of rights. Due to a lack of clarity in the application for the insurance Policy submitted by BB&T, it was unclear whether Taxi Services was intended to be a named insured under the Policy; as a result, TBIC therefore also provided a defense to Taxi Services under a reservation of rights. TBIC disputed that Long Beach Yellow Cab, Taxi Systems, and Van Ness Management were insureds under the Policy.

26. In support of their claim that all of the Taxi Companies were TBIC insureds, Rouse produced documents showing that BB&T and Shahri, Rouse's insurance brokers, had represented that all Taxi Companies were covered by the Policy. These documents included numerous certificates of insurance dated May 30, 2006, issued by Shahri and/or BB&T, representing that all of the Rouse family taxicab entities (including all of the Taxi Companies) were named insureds under the Policy. These May 30, 2006 certificates were issued by Shahri and/or BB&T without TBIC's consent, without TBIC's knowledge, and despite TBIC's prior refusal to insure all of the Rouse family taxicab entities.

27. Shahri and/or BB&T also provided Rouse with a completed City of Los Angeles form, on which Shahri wrote that: 1) he had "binding authority" for TBIC; and 2) he was TBIC's "Senior Vice President." In fact, Shahri was and had never been an officer or employee of TBIC. Moreover, neither Shahri, BB&T, nor Does 1 through 10 had authority to bind or act on behalf of TBIC.

28. Rouse claimed that Taxi Companies relied on these documents, provided to them by Shahri and/or BB&T, to their detriment. Rouse also claimed that, as these documents showed that BB&T and Shahri had (albeit wrongfully) held themselves out as agents of TBIC, TBIC was bound by BB&T and Shahri's representations.

29. During the course of the Underlying Action it became clear that neither Taxi Services nor ASCI were liable to the Underlying Plaintiff arising out of the underlying incidents.

30. The parties in the Underlying Action ultimately reached a settlement. Although TBIC disputed that the Policy insured Long Beach Yellow Cab, Taxi Systems, and Van Ness

///

1  Management, and despite Taxi Services and ASCI's lack of liability, TBIC contributed $460,000
2  to the total $620,000 settlement on the Taxi Companies' behalves.

3        31.    TBIC also paid over $10,000 in attorneys fees and costs, to defend Taxi
4  Companies, and over $37,700 in coverage counsel attorneys fees, as a result of Shahri and
5  BB&T's false representations.

## FIRST CAUSE OF ACTION
## (FRAUD – Against All Defendants)

      32.    TBIC realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-31.

      33.    TBIC is informed and believes that BB&T, Shahri, and/or Does 1 through 10 wrongfully and intentionally created the afore-described documents and/or made the afore-described untruthful statements in order to induce Taxi Companies to believe that each of the Taxi Companies were insured by TBIC under the Policy. TBIC is informed and believes that Taxi Companies did rely on such documents and statements in that they did not seek or obtain insurance coverage elsewhere.

      34.    Although BB&T, Shahri, and/or Does 1 through 10 knew that Rouse was seeking insurance coverage for all of the Taxi Companies, BB&T, Shahri, and/or Does 1 through 10 wrongfully and intentionally made untruthful statements to TBIC, in order to induce TBIC to believe that Rouse had agreed to purchase an insurance policy for only ASCI. In reliance on these material misrepresentations, TBIC underwrote, issued, and priced a policy for ASCI only.

      35.    TBIC is informed and believes that BB&T, Shahri, and/or Does 1 through 10 intended that TBIC rely on BB&T, Shahri, and/or Does 1 through 10's representations to TBIC in connection with the brokering, sale, and/or issuance of the Policy, in order to induce TBIC to issue at least one policy of insurance to one of the Rouse companies. TBIC did rely on these representations in that it in fact issued the Policy to "Administrative Services Co-op Taxi Services, Inc."

/ / /
/ / /

36. TBIC is informed and believes that, in creating the documents described above and by leading TBIC to believe that that they were only negotiating a policy for ASCI, BB&T, Shahri, and/or Does 1 through 10 intended to deceive TBIC and induce TBIC's reliance.

37. TBIC's reliance on BB&T, Shahri, and/or Does 1 through 10's misrepresentations were justifiable. TBIC had no reason to suspect the falsity of BB&T, Shahri, and/or Does 1 through 10's statements, and did not otherwise know that such statements were false.

38. TBIC alleges that, as a proximate result of BB&T, Shahri, and/or Does 1 through 10's intentional misrepresentations to TBIC and to Taxi Companies as herein alleged, TBIC became obligated to provide Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management with defense and indemnity benefits under the Policy, to which those entities were not otherwise entitled.

39. As a proximate result of BB&T, Shahri, and/or Does 1 through 10's wrongful acts as herein alleged, TBIC incurred damages including but not limited to: the $460,000 indemnity payment made by TBIC on the Taxi Companies' behalves in the Underlying Action; attorneys fees and costs paid by TBIC on Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management's behalves in connection with the Underlying Action; and attorneys fees paid to TBIC's own coverage counsel to investigate and respond to Taxi Companies' claims of coverage under the Policy.

40. BB&T, Shahri, and/or Does 1 through 10's conduct was oppressive, fraudulent, and/or malicious, and justifies the imposition of punitive damages.

### SECOND CAUSE OF ACTION

### (NEGLIGENT MISREPRESENTATION – Against All Defendants)

41. TBIC realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-40.

42. BB&T, Shahri, and/or Does 1 through 10 negligently and carelessly created the above-described documents and/or made the above-described untruthful statements in order to induce Taxi Companies to believe that each of the Taxi Companies were insured by TBIC under

///

TBIC's First Amended Complaint

8

the Policy. TBIC is informed and believes that Taxi Companies did rely on such documents and statements in that they did not seek or obtain insurance coverage elsewhere.

43. BB&T, Shahri, and/or Does 1 through 10 negligently and carelessly made the above-described untruthful statements to TBIC, in order to induce TBIC to believe that Rouse had agreed to purchase an insurance policy for only ASCI. In reliance on these material misrepresentations, TBIC underwrote, issued, and priced a policy for ASCI only.

44. TBIC is informed and believes that BB&T, Shahri, and/or Does 1 through 10 intended that TBIC rely on BB&T, Shahri, and/or Does 1 through 10's representations to TBIC in connection with the brokering, sale, and/or issuance of the Policy, in order to induce TBIC to issue at least one policy of insurance to one of the Rouse companies. TBIC did rely on these representations in that it in fact issued the Policy to "Administrative Services Co-op Taxi Services, Inc."

45. TBIC is informed and believes that BB&T, Shahri, and/or Does 1 through 10 made the above-described false statements of material fact with no reasonable grounds for making them.

46. TBIC's reliance on BB&T, Shahri, and/or Does 1 through 10's misrepresentations were reasonable. TBIC had no reason to suspect the falsity of BB&T, Shahri, and/or Does 1 through 10's statements, and did not otherwise know that such statements were false.

47. TBIC alleges that, as a proximate result of BB&T, Shahri, and/or Does 1 through 10's intentional misrepresentations to TBIC and to Taxi Companies as herein alleged, TBIC became obligated to provide Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management with defense and indemnity benefits under the Policy, to which those entities were not otherwise entitled.

48. As a proximate result of BB&T, Shahri, and/or Does 1 through 10's wrongful acts as herein alleged, TBIC incurred damages including but not limited to: the $460,000 indemnity payment made by TBIC on the Taxi Companies' behalves in the Underlying Action; attorneys fees and costs paid by TBIC on Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management's behalves in connection with the Underlying Action; and attorneys fees paid

1  to TBIC's own coverage counsel to investigate and respond to Taxi Companies' claims of
2  coverage under the Policy.

### THIRD CAUSE OF ACTION

### (BROKER NEGLIGENCE – Against All Defendants)

5  49. TBIC realleges and incorporates herein by reference each and every allegation
6  contained in paragraphs 1-48.

7  50. BB&T, Shahri, and/or Does 1 through 10 owed a duty to TBIC to properly
8  prepare and process Taxi Companies' application for insurance in an honest, truthful, and
9  accurate manner, by fully divulging in good faith to TBIC all facts within their knowledge
10 material to the insurance contract.

11 51. BB&T, Shahri, and/or Does 1 through 10 owed a duty not to defraud TBIC.

12 52. BB&T, Shahri, and/or Does 1 through 10 carelessly and negligently made
13 untruthful statements to TBIC, in order to induce TBIC to believe that BB&T, Shahri, and/or
14 Does 1 through 10 had agreed to purchase an insurance policy for only ASCI. In reliance on
15 these material misrepresentations, TBIC underwrote, issued, and priced a policy for ASCI only.

16 53. TBIC's reliance on BB&T, Shahri, and/or Does 1 through 10's misrepresentations
17 were justifiable. TBIC had no reason to suspect the falsity of BB&T, Shahri, and/or Does 1
18 through 10's statements, and did not otherwise know that such statements were false.

19 54. TBIC alleges that, as a proximate result of BB&T, Shahri, and/or Does 1 through
20 10's misrepresentations to TBIC and to Taxi Companies as herein alleged, TBIC became
21 obligated to provide Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness
22 Management with defense and indemnity benefits under the Policy, to which those entities were
23 not otherwise entitled.

24 55. As a proximate result of BB&T, Shahri, and/or Does 1 through 10's wrongful acts
25 as herein alleged, TBIC incurred damages including but not limited to: the $460,000 indemnity
26 payment made by TBIC on the Taxi Companies' behalves in the Underlying Action; attorneys
27 fees and costs paid by TBIC on Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van
28 Ness Management's behalves in connection with the Underlying Action; and attorneys fees paid

to TBIC's own coverage counsel to investigate and respond to Taxi Companies' claims of coverage under the Policy.

## FOURTH CAUSE OF ACTION

### (VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW (CA B&P § 17200, et seq.) – Against All Defendants)

56. TBIC realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-55.

57. BB&T, Shahri, and/or Does 1 through 10 engaged in unfair, unlawful, and/or fraudulent businesses activities, which included, but are not limited to: BB&T, Shahri, and/or Does 1 through 10's intentional misrepresentation to TBIC that Rouse was only purchasing insurance for ASCI; BB&T, Shahri, and/or Does 1 through 10's intentional misrepresentation to Rouse that all of the Taxi Companies were covered by the Policy; BB&T and Shahri's creation and provision to Rouse of at least sixty-five (65) fraudulent certificates of insurance showing all of the Rouse family enterprises (including all of the Taxi Companies) as named insureds under the Policy; BB&T and/or Shahri's completion and provision to Rouse of a City of Los Angeles form, in which Shahri fraudulently claimed to be a TBIC officer with binding authority over TBIC.

58. These actions constitute unfair business methods and practices, and were committed with the intent, design, and purpose to: deprive TBIC of the opportunity to properly consider, underwrite, and issue insurance policies to Taxi Companies; and to illegally increase the profits of BB&T, Shahri, and/or Does 1 through 10.

59. TBIC alleges that, as a result of BB&T, Shahri, and/or Does 1 through 10's intentional misrepresentations to TBIC and to Taxi Companies as herein alleged, TBIC suffered actual injury and loss of property. TBIC became obligated to provide Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management with defense and indemnity benefits under the Policy, to which those entities were not otherwise entitled.

60. TBIC is informed and believes that BB&T, Shahri, and/or Does 1 through 10 are continuing to engage in the types of unlawful practices alleged above.

61. TBIC therefore request an injunction pursuant to Cal. Bus. and Prof. Code section 17200, et seq., against BB&T, Shahri, and/or Does 1 through 10, enjoining them from engaging in the type of unlawful conduct and acts alleged herein. TBIC also requests an injunction requiring BB&T, Shahri, and/or Does 1 through 10, to: 1) provide TBIC with a list of all other BB&T customers for whom BB&T, Shahri, and/or Does 1 through 10 have negotiated and/or purchased TBIC insurance policies; 2) provide TBIC with any documents (including but not limited to any certificates of insurance) or files that BB&T, Shahri, and/or Does 1 through 10 may have created, issued, maintained, and/or disseminated relating those policies; and 3) contact those customers who have purchased TBIC insurance policies through BB&T, providing appropriate notification so as to allow a review and re-evaluation of such customers' insurance coverage.

62. TBIC also requests that the Court order any other equitable relief deemed necessary.

63. Moreover, because this action will result in the enforcement of an important right affecting the public interest, TBIC requests an award of reasonable attorneys fees as private attorney generals, as authorized by statute.

## FIFTH CAUSE OF ACTION

### (EQUITABLE INDEMNITY – Against All Defendants)

64. TBIC realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-63.

65. TBIC denies that it was in any way primarily liable for Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management's liabilities arising from the Underlying Action. TBIC was forced to contribute $460,000 to the settlement of the Underlying Action as a result of BB&T, Shahri, and/or Does 1 through 10's wrongful acts, as described herein.

66. TBIC denies that it was in any way primarily liable for Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management's defense expenses. TBIC was

///

forced to incur such expenses as a result of BB&T, Shahri, and/or Does 1 through 10's wrongful acts, as described herein.

67. TBIC has been damaged as a legal result of the acts and omissions of BB&T, Shahri, and/or Does 1 through 10, as herein alleged and in an amount equal to the total sum that TBIC has paid defend Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management in the Underlying Action and/or to indemnify Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management for their liability arising from the Underlying Action.

68. TBIC further contends that it is entitled to total or partial equitable indemnity from BB&T, Shahri, and/or Does 1 through 10 for any and all payments made to any person and/or entity to defend Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management in the Underlying Action, or to indemnify Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management for liability arising out of the Underlying Action.

69. TBIC's claim to equitable indemnity from defendants is based on equitable considerations outlined in the law.

## SIXTH CAUSE OF ACTION

### (RICO (18 USC § 1961, et seq.) – Against All Defendants)

70. TBIC realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-69.

71. BB&T is an enterprise affecting interstate commerce, in that it is an insurance brokerage that negotiates with and affects the purchase of insurance policies from numerous insurers in different states. BB&T is an ongoing organization with a framework for making decisions, functions as a continuing unit, and has an ascertainable structure guiding its brokerage operations.

72. Shahri and/or Does 1 through 10 are associated with and/or employed by BB&T, and participated in the conduct of the affairs of that enterprise.

73. BB&T, Shahri, and/or Does 1 through 10 participated in a pattern of racketeering, which including, but is not limited to, the following predicate acts: BB&T, Shahri, and/or Does 1

through 10 intentionally misrepresented to TBIC that Rouse was only purchasing insurance for ASCI; BB&T, Shahri, and/or Does 1 through 10 intentionally misrepresented to Rouse that all of the Taxi Companies were covered by the Policy; BB&T and Shahri created and provided to Rouse at least sixty-five (65) fraudulent certificates of insurance showing all of the Rouse family enterprises (including all of the Taxi Companies) as named insureds under the Policy; BB&T and/or Shahri completed and provided to Rouse a City of Los Angeles form, in which Shahri fraudulently claimed to be a TBIC officer with binding authority over TBIC.

74. TBIC alleges that, as a result of BB&T, Shahri, and/or Does 1 through 10's intentional misrepresentations to TBIC and to Taxi Companies as herein alleged, TBIC suffered actual injury to its business or property. TBIC became obligated to provide Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management with defense and indemnity benefits under the Policy, to which those entities were not otherwise entitled.

75. As a result of BB&T, Shahri, and/or Does 1 through 10's wrongful acts as herein alleged, TBIC incurred damages including but not limited to: the $460,000 indemnity payment made by TBIC on the Taxi Companies' behalves in the Underlying Action; attorneys fees and costs paid by TBIC on Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management's behalves in connection with the Underlying Action; and attorneys fees paid to TBIC's own counsel to investigate and respond to Taxi Companies' claims of coverage under the Policy.

76. In addition, as a result of BB&T, Shahri, and/or Does 1 through 10's wrongful acts as herein alleged, TBIC is entitled to an award of treble damages, and TBIC is entitled to recover its own attorneys' fees incurred in bringing this action.

77. BB&T, Shahri, and/or Does 1 through 10's conduct was oppressive, fraudulent, and/or malicious, and justifies the imposition of punitive damages.

WHEREFORE, TBIC prays for judgment, decree, and order against defendants BB&T, Shahri, and Does 1 through 10 as follows:

1. For compensatory damages according to proof at trial (as to the First, Second, Third, and Sixth causes of action);

TBIC's First Amended Complaint

14

2. For general damages according to proof at trial (as to the First, Second, Third, and Sixth causes of action);

3. For treble TBIC's compensatory and general damages (as to the Sixth cause of action);

4. For an injunction enjoining BB&T, Shahri, and/or Does 1 through 10 from engaging in the type of unlawful conduct and acts alleged above (as to the Fourth cause of action);

5. For an an injunction requiring BB&T, Shahri, and/or Does 1 through 10, to: 1) provide TBIC with a list of all other BB&T customers for whom BB&T, Shahri, and/or Does 1 through 10 have negotiated and/or purchased TBIC insurance policies; 2) provide TBIC with any documents (including but not limited to any certificates of insurance) or files that BB&T, Shahri, and/or Does 1 through 10 may have created, issued, maintained, and/or disseminated relating those policies; and 3) contact those customers who have purchased TBIC insurance policies through BB&T, providing appropriate notification so as to allow a review and re-evaluation of such customers' insurance coverage (as to the Fourth cause of action);

6. For judgment against BB&T, Shahri, and Does 1 through 10, declaring that they are under a duty to pay TBIC in full, or in part, the amount of any payment for defense costs and/or indemnification made by TBIC on Taxi Services, Long Beach Yellow Cab, Taxi Systems, and Van Ness Management's behalves, to any party, arising from the Underlying Action (as to the Fifth cause of action);

7. For punitive damages (as to the First and Sixth causes of action);

8. For attorneys' fees and costs incurred by TBIC in this Action;

9. For pre-judgment interest;

///
///
///

1  10. For cost of suit incurred herein; and

2  11. For such other and further relief as the court deems just and proper.

DATED: February 10, 2010            LHB PACIFIC LAW PARTNERS, LLP

_____
DAVID B.A. DEMO and JENNY J. CHU
Attorneys for Plaintiff
THE BURLINGTON INSURANCE COMPANY

**DEMAND FOR JURY TRIAL**

The Burlington Insurance Company hereby demands a jury trial.

DATED: February 10, 2010            LHB PACIFIC LAW PARTNERS, LLP

_____
DAVID B.A. DEMO and JENNY J. CHU
Attorneys for Plaintiff
THE BURLINGTON INSURANCE COMPANY

LHB Pacific Law Partners, LLP
5858 Horton Street, Ste. 370
Emeryville, CA 94608
(510) 841-7777 Fax (510) 841-7776